## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST | ) | |
| 712 H Street, N.E. | ) | |
| Suite 1682 | ) | |
| Washington, D.C. 20002, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:22-cv-03073 |
| | ) | |
| U.S. DEPARTMENT OF LABOR | ) | |
| 200 Constitution Avenue, NW | ) | |
| Washington, D.C. 20210, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the United States Department of Labor under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

1

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant United States Department of Labor ("Labor" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On January 25, 2022, PPT submitted a FOIA request (attached as Exhibit A) to the Department seeking the following records from the "Office of the General Counsel:"

> All memoranda or documents produced by or received by the DOL's Designated Agency Ethics Official or an employee in their office relating to any or all political appointees of the Biden Administration. This request includes, but is not limited to, any final memoranda developed for a political appointee for the purpose of outlining recusal obligations, potential conflicts of interest that might involve former employers, their clients or members, and any particular matters that have been identified. This request also includes any and all communications, including written analysis in any form, by and to officials in the ethics office regarding meeting requests with non-governmental entities involving a political appointee. If any requested records were produced prior to the official start date of any individual  those should also be included.

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to

the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help the public understand which high-level Department officials have potential conflicts of interest, how the Department is addressing those conflicts, and whether officials are following the rules.

9. On February 8, 2022, the Department responded by asking for Plaintiff to provide their mailing address, which Plaintiff provided that same day.

10. On February 10, 2022, the Department indicated that Plaintiff's request had been assigned to the Office of the Solicitor and designated tracking number 2022-F-05034.

11. On February 24, 2022, Plaintiff reached out to the Department to request a status update.

12. On March 15, 2022, the Department asked to set up a time to discuss the request with Plaintiff.

13. On March 30, 2022, Plaintiff sent an email to the Department to "help clarify our request" following a phone conversation with the Department. This email stated in part:

> In general, we are looking for ethics advice and guidance; recusals, waivers, impartiality determinations, impartiality authorizations, and similar exemptions to ethics laws and regulations; as well as conversations with ethics officials regarding those recusals, waivers, impartiality determinations, impartiality authorizations, and similar exemptions to ethics laws and regulations, including requests for these exemptions.

> We are willing to prioritize the search to those with the titles of Secretary, Assistant Secretary, Deputy Assistant Secretary, Chief of Staff, Deputy Chief of Staff, Director, Deputy Director, Senior Advisor, Senior Counselor, and Senior Counsel.

3

14. On May 13, 2022, Plaintiff again reached out to the Department for a status update.

15. On May 17, 2022, the Department responded in part that Plaintiff's request "is going to take a while, but we're still working on it."

16. On July 8, 2022, Plaintiff followed up by asking for a status update.

17. On July 12, 2022, the Department responded in part "[s]taff departures and some technical issues caused some delays on our end, but I anticipate having the finalized records to you no later than August 31, 2022."

18. August 31, 2022, has come and gone by over a month, yet no records have been produced in response to Plaintiff's request.

19. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

20. As of today, Plaintiff's request has been pending for more than 250 days – well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

21. During this period, Plaintiff has been engaged with the Department, including promptly responding to requests for additional information and clarifying any ambiguity in Plaintiff's request.

22. Notwithstanding this active engagement, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). The Department has not produced responsive documents to the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such

4

withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination.

23. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

24. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

25. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

26. PPT properly requested records within the possession, custody, and control of the Department.

27. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

28. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

29. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

30. The Department's failure to provide all non-exempt responsive records violates FOIA.

31. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: October 10, 2022                    Respectfully submitted,

                                           PROTECT THE PUBLIC'S TRUST
                                           By Counsel:

                                           /s/Gary M. Lawkowski
                                           Gary M. Lawkowski
                                           D.D.C. Bar ID: VA125
                                           DHILLON LAW GROUP, INC.
                                           2121 Eisenhower Avenue, Suite 402
                                           Alexandria, Virginia 22314
                                           Telephone: 703-965-0330
                                           Facsimile: 415-520-6593
                                           GLawkowski@Dhillonlaw.com

                                           *Counsel for the Plaintiff*